UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Wade Armand Lincourt,
     Claimant

     v.                               Case No. 13-cv-343-SM
                                     Opinion No. 2014 DNH 199

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration,
     Defendant

**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Wade Lincourt moves to reverse or vacate the Acting Commissioner's decisions denying his applications for Social Security Disability Insurance Benefits, Supplemental Security Income, and Child's Disability Benefits.  See 42 U.S.C. §§ 402(d), 423, and 1381-1383c.  The Acting Commissioner objects and moves for an order affirming her decisions.

For the reasons discussed below, claimant's motion is denied, and the Acting Commissioner's motion is granted.

**Factual Background**

I.   Procedural History.

In the spring of 2010, claimant filed applications for Disability Insurance Benefits ("DIB"), Supplemental Security

Income ("SSI"), and Child's Disability Benefits ("CDB"), alleging a disability onset date of August 15, 2008, at which time he was 19 years old.  Those applications were denied and claimant requested a hearing before an Administrative Law Judge ("ALJ").

In August of 2011, claimant appeared before an ALJ, who considered his applications de novo.  Two weeks later, the ALJ issued her written decision, concluding that claimant was not disabled, as that term is defined in the Act.  The Appeals Council denied claimant's request for review.  But, in December of 2011, the ALJ notified claimant that she was reopening her decision so claimant's medical record might be more fully developed.  Letters requesting updated medical records were sent to James DeJohn, M.D., and Salmon Falls Family Healthcare.  Dr. DeJohn responded that claimant was no longer a patient at his practice and there were no new medical records to provide. Admin. Rec. at 393.  Salmon Falls Family Healthcare produced medical records from an office visit in April, 2011 (though those records provided no support for claimant's assertion of disability).  Id. at 394-98.

In March of 2012, a different ALJ held a new hearing, at which claimant and his mother appeared and testified.  Shortly thereafter, the ALJ issued two decisions: one finding that

2

claimant was not disabled with respect to his SSI and DIB claims
(Amin. Rec. at 429-41), and one finding that he was not disabled
with respect to his CDB claim (Admin. Rec. at 16-27).  The
appeals council again denied claimant's request for review and
the ALJ's adverse decisions became the final decisions of the
Acting Commissioner, subject to judicial review.  Subsequently,
claimant filed a timely action in this court, asserting that the
ALJ's decisions are not supported by substantial evidence.
Claimant then filed a "Motion for Order Reversing Decision of the
Commissioner" (document no. 11).  In response, the Acting
Commissioner filed a "Motion for an Order Affirming the Decision
of the Commissioner" (document no. 12).  Those motions are
pending.

II.  <u>Stipulated Facts</u>.

Pursuant to this court's Local Rule 9.1, the parties have
submitted a statement of stipulated facts which, because it is
part of the court's record (document no. 14), need not be
recounted in this opinion.  Those facts relevant to the
disposition of this matter are discussed as appropriate.

**Standard of Review**

I.    "Substantial Evidence" and Deferential Review.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence.  See 42 U.S.C. §§ 405(g), 1383(c)(3).  See also Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than a preponderance of the evidence, so the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).  See also Richardson v. Perales, 402 U.S. 389, 401 (1971).


II.   The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any

4

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). See also 42 U.S.C. § 1382c(a)(3). Eligibility for Child's Disability Benefits adds the requirement that the disability must have begun before claimant attained the age of 22. 42 U.S.C. § 402(d)(1)(B).

The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that his impairment prevents him from performing his former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985); Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982). If the claimant demonstrates an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform, in light of his age, education, and prior work experience. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. §§ 404.1512(f) and 416.912(f).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982).  Ultimately, a claimant is disabled only if his:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  See also 42 U.S.C. § 1382c(a)(3)(B).


With those principles in mind, the court reviews claimant's motion to reverse and the Acting Commissioner's motion to affirm her decision.


### Background - The ALJ's Findings

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-

step sequential evaluation process described in 20 C.F.R.
§§ 404.1520 and 416.920.  See generally Barnhart v. Thomas, 540
U.S. 20, 24, (2003).  Accordingly, he first determined that
claimant had not been engaged in substantial gainful employment
since his alleged onset of disability: August 15, 2008.  Next, he
concluded that claimant suffers from (and has, since before the
age of 22, suffered from) the following severe impairments:
"attention deficit hyperactivity disorder and a pervasive
developmental disorder not otherwise specified."  Admin. Rec. at
19, 432.  Nevertheless, the ALJ determined that those
impairments, regardless of whether they were considered alone or
in combination, did not meet or medically equal one of the
impairments listed in Part 404, Subpart P, Appendix 1.  Admin.
Rec. at 22, 435.

    Next, the ALJ concluded that claimant retained the residual
functional capacity ("RFC") to perform "a full range of work at
all exertional levels," subject only to the restriction that
"social interaction should be no more than occasional and then
only on brief, superficial matters" and "work duties should not
require interaction with the general public."  Id. at 23, 436.[1]

---

[1]    "RFC is what an individual can still do despite his or her
functional limitations.  RFC is an administrative assessment of
the extent to which an individual's medically determinable
impairment(s), including any related symptoms, such as pain, may
cause physical or mental limitations or restrictions that may

He then observed that while claimant has no past relevant work experience, "the evidence strongly supports [the conclusion] that the claimant is very capable of performing within his residual functional capacity." Id. at 26, 439.

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform.  Relying upon the testimony given by a vocational expert in claimant's earlier hearing, the ALJ concluded that, considering claimant's age, education, and residual functional capacity, "there are jobs in significant numbers in the national economy that claimant can perform." Id. at 439.  See also Id. at 26 (concluding that, prior to turning 22, claimant had the RFC to perform jobs that exist in significant numbers in the national economy). Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, prior to reaching the age of 22, id. at 27, or through the date of his decision (March 30, 2012), id. at 441.

---

affect his or her capacity to do work-related physical and mental activities.  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

**Discussion**

Claimant challenges the ALJ's decision on grounds that it is not supported by substantial evidence.  Specifically, he says the hypothetical question posed to the vocational expert fails to account for all of his non-exertional limitations.  That hypothetical posited that claimant:

> had no physical limitations, but is able to remember, understand and carry out both simple and complex instructions without special supervision; can maintain concentration, persistence and pace throughout a typical workday and workweek; is able to accept instructions, ask simple questions and request help; can respond appropriately to supervisory criticism and to changes in the workplace; however, work duties should not require interaction with the general public; can work in the vicinity of coworkers, but social interaction should be no more than occasional and then only brief, superficial matters.

Admin. Rec. at 421.  In response, the vocational expert opined that an individual with those limitations could work in "a large number of occupations," including courier, office helper, cleaner/janitor, and hand packer - jobs that, when combined, represent approximately 1.3 million jobs in the national economy. The vocational expert testified that those jobs are "representative examples of a very large base of jobs" that a person with the limitations posed in the hypothetical could successfully perform.  Id. at 422.

But, says claimant, that hypothetical fails to address his difficulty in thinking on his feet and dealing with unfamiliar or rapidly changing situations, his limited ability to interact appropriately with others, his deficits in long-term focus, and his inability to manage funds for his own benefit.  <u>See</u> Claimant's Memorandum (document no. 11-1) at 5.  For example, claimant points to the opinions of Craig Stenslie, Ph.D., who noted findings consistent with a diagnosis of Asperger's disorder and opined that claimant has "significant difficulty thinking on his feet and dealing with novel and unfamiliar or rapidly changing situations."  Admin. Rec. at 297.

But, the various isolated opinions offered by Dr. Stenslie and relied upon by claimant do not support a finding of disability, nor do they undermine the validity of the hypothetical question posed to the vocational expert.  In fact, in a summary of his findings, Dr. Stenslie concluded that:

> In my opinion, [claimant] shows an adequate and average range level of basic intelligence and is almost certainly capable of learning basic vocational skills in a number of employment areas, both language-based and visually-based.  In my opinion, he is very likely capable of learning the basic skills and knowledge base regarding being an electrician, electronics worker, or an oil burner technician or the like.  In any job situation, he will be capable of adequate work in situations that are familiar, routine, and/or generally

limited in terms of how much variation or emergency-
type situations can arise.

Psychological Evaluation, Admin. Rec. at 297.


Similarly, the isolated opinions of Michael Schneider,

Psy.D., identified by claimant do not undermine the ALJ's adverse

disability determinations or the hypothetical question that was

posed to the vocational expert.  While claimant points to the

fact that Dr. Schneider noted that he suffers from "moderately

limited" abilities in the realms of "social interaction" and

"adaptation," Dr. Schneider concluded that claimant does not have

any disabling impairments:

> Despite the claimant's impairment [a pervasive
> developmental disorder and ADHD], he retains the
> ability to understand, remember and carry out even
> complex instructions for extended periods without
> special supervision.  He is able to maintain adequate
> attention for these kinds of instructions and complete
> a normal work week.  In an environment where he is in a
> somewhat socially isolated workstation and where the
> supervisory criticism is not overly critical of his
> performance, he is able to interact appropriately with
> peers and supervisors.  Under these conditions, he is
> able to accommodate to changes in a work setting.

Id. at 315.  Those opinions are not inconsistent with the

opinions of Thomas Lynch, Ph.D., who met with, and evaluated,

claimant in June of 2010.  See Admin. Rec. at 332-39.  Nor are

they inconsistent with the opinions of Edward Martin, Ph.D., who

completed a Psychiatric Review Technique (id. at 340-53), as well

as a Mental RFC Assessment (id. at 354-56).  Dr. Martin opined

that:

> Despite impairments, Mr. Lincourt is able to remember
> locations and work-like procedures, and to understand,
> recall, and carry out instructions without special
> supervision.  He is able to pay attention and to
> maintain concentration for extended periods.  He is
> able to adhere to a regular schedule and to maintain
> attendance within customary expectations.  He is able
> to complete a normal (8 hour) work-day and (40 hour)
> work-week without an unreasonable number of
> interruptions from psychologically based symptoms.  He
> is able to ask simple questions or to request help.  He
> is able to accept instructions and to respond
> appropriately to supervisory criticism and to changes
> in the work situation.  Due to the impact of his
> pervasive disorder and personality traits, he is not
> able to consistently interact in an effective manner
> with co-workers or the general public.

Admin. Rec. at 356.


    Given the medical evidence of record, it is plain that the

ALJ's hypothetical question to the vocational expert and, indeed,

the ALJ's adverse disability decision itself, are supported by

substantial evidence.  In both crafting the hypothetical question

and considering claimant's assertions of disability, the ALJ

properly (and supportably) drew from the opinions of Dr.

Schneider (Admin. Rec. at 299-315), Dr. Stenslie (id. at 293-98),

and Dr. Martin (id. at 340-56).

### Conclusion

This court's review of the ALJ's decision is both limited
and deferential.  The court is not empowered to consider
claimant's application de novo, nor may it undertake an
independent assessment of whether he is disabled under the Act.
Rather, the court's inquiry is "limited to determining whether
the ALJ deployed the proper legal standards and found facts upon
the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31,
35 (1st Cir. 1999).  Provided the ALJ's findings are properly
supported by substantial evidence, the court must sustain those
findings - even when there may also be substantial evidence
supporting the contrary position.  Such is the nature of judicial
review of disability benefit determinations.  See, e.g., Tsarelka
v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st
Cir. 1988); Rodriguez v. Secretary of Health & Human Services,
647 F.2d 218, 222 (1st Cir. 1981).

Here, the ALJ's adverse disability decision is supported by
substantial evidence.  Consequently, while there is certainly
substantial evidence in the record demonstrating that claimant
suffers from ADHD and has been diagnosed with a pervasive
developmental disorder, the existence of such evidence is not
sufficient to undermine the ALJ's decision that those impairments

do not render claimant "disabled" within the meaning of the Social Security Act.

Having carefully reviewed the administrative record (including the testimony of the vocational expert) and the arguments advanced by both the Acting Commissioner and claimant, the court concludes that there is substantial evidence in the record to support the ALJ's determination that claimant was not disabled at any time prior to reaching the age of 22, nor was he disabled prior to the date of the ALJ's decision.  Both the hypothetical question presented to the vocational expert, and the ALJ's adverse disability decision are well-reasoned and well-supported by substantial documentary evidence.

For the foregoing reasons, as well as those set forth in the Acting Commissioner's memorandum, claimant's motion to reverse the decision of the Commissioner (document no. 11) is denied, and the Acting Commissioner's motion to affirm her decision (document no. 12) is granted.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 23, 2014

14

cc:  Anthony S. Augeri, Esq.
      Marie M. McKean, Esq.
      Stacie B. Collier, Esq.